Brown *v.* Welch.

HOPKINS R. BROWN *v.* JACOB WELCH.

*Evidence.*

The plaintiff sold to the defendant a store of goods, and at the time of the trade had ordered a bill of goods from Boston which the defendant agreed to receive and did receive and use, but which the plaintiff, being called upon by the Boston creditors, paid for. The plaintiff testified to several interviews upon the subject with the defendant, and that the defendant said he had sent a check to pay for the goods; that the plaintiff upon inquiry at the bank always found that the defendant had never got a check; that finally the defendant agreed to procure and endorse a check and send to Boston to pay for the goods, and that the plaintiff wrote a letter to inclose the check, and the defendant wrote an order on one page of the letter for more goods,'and took the letter directed to the Boston creditors and promised to send it with the check, but did not, and the plaintiff had paid the bill. The defendant denied that he had any interviews with the plaintiff, and claimed to have paid the plaintiff in person according to agreement for said goods prior to the time these interviews were claimed to have been held, and denied the existence of any such letter and order, and in fact the whole matter testified to by the plaintiff, relative to sending and promising to send the money to Boston. *Held,* that if the facts were as testified to by the plaintiff, in respect to writing the letter, &c., it tended to prove that the defendant had not paid the money to the plaintiff; that it was therefore competent for the plaintiff to confirm his testi_ mony by other proof, and that the testimony of a third party to the effect that the plaintiff showed him such a letter, with the defendant's order, signed by the defendant, and in the defendant's hand writing, such as the plaintiff had described, and the existence of which the defendant had denied, and that the plaintiff had inquired at the bank in relation to the check as he had testified he did, was admissible.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, June Term, 1865, POLAND, Ch. J., presiding. The facts in the case fully appear in the opinion. The court having admitted certain testimony objected to, the defendant excepted.

*G. C. & G. W. Cahoon,* for the defendant.

*A. J. Willard,* for the plaintiff.

The opinion of the court was delivered by

PECK, J. The only exception in this case is to the decision of the county court admitting the evidence of Willard, introduced on the part of the plaintiff. Whether this ruling was correct or not is to be determined by reference to the issue involved, and the state of the testimony at the time the evidence in question was offered. The issue presented by the evidence was whether the defendant had paid the money in question to the plaintiff at St. Johnsbury as the

defendant claimed and testified he had.  It appeared that when the plaintiff sold his tin-shop, tools, goods, &c., to the defendant at St. Johnsbury, the plaintiff had ordered a bill of goods from Boston which then had not arrived, and which the defendant by the agreement was to receive and pay for, and which he did receive and use ; and that the plaintiff afterwards being called upon by the Boston creditors for payment, forwarded the money to them and paid the bill.  The defendant testified that the agreement was that he should pay the money here directly to the plaintiff, and that he did so pay it to him.  The plaintiff testified to several interviews with the defendant on the subject, that the defendant told him he had sent a check to Boston to pay for the goods, and testified that a few days afterwards, having received a letter from the Boston creditors calling for payment, he applied to the defendant and showed him the letter, and that the defendant insisted he had sent a check to Boston to pay for the goods ; that the plaintiff thereupon went to the bank and learned that the defendant had procured no such check, and on applying again to the defendant, the defendant admitted that he had not sent the check as he had stated, but promised that he would immediately procure a check from the bank ; that the plaintiff thereupon wrote a letter directed to the Boston creditors for the purpose of enclosing the check, when the defendant said he wanted more goods from the same firm, and wrote an order for the goods on another page of the same letter.  The plaintiff testified that he soon after this gave this letter to the defendant enclosed in an envelope directed to the creditors in Boston, and that the defendant then promised to procure and enclose the check and forward the letter.  The plaintiff further testified that a few days after this he received another letter from Boston calling for payment, and then called on the defendant and informed him that the check had not been received, and the defendant said it must have been received, for he had received the goods on the order sent in the letter.  The plaintiff further testified that he again went to the bank and learned the defendant procured no such check ; whereupon he forwarded the money to Boston and paid the bill.  It was not claimed on trial by the defendant that he ever sent the money or check to Boston, or that he ever paid to the

Boston creditors the money in question. The defendant's claim on trial was that he paid it directly to the plaintiff. The time the defendant in his testimony stated that he paid the money to the plaintiff, was prior to the time the plaintiff testified these various interviews took place. This testimony was all admitted without objection. It is clear that these facts testified to by the plaintiff constitute important evidence for the plaintiff; for if the defendant after the time he says in his testimony that he paid the money to the plaintiff, acted in concert with the plaintiff in the writing of the letter, and took it promising to procure and enclose a check for the amount of that debt, and send it to the creditors in Boston, it tends to prove that he had not paid the money to the plaintiff. The defendant denies in his testimony that he had any of these interviews, and denies the existence of any such letter and order—in fact denies the whole matter testified to by the plaintiff relative to sending, and promising to send, the money to Boston. It was therefore very important for the jury to know whether the plaintiff's testimony on this point was true or not. It was therefore competent for the plaintiff to confirm his testimony on this point by other proof, so far as in his power. The testimony of Willard was competent for this purpose, it being to the effect that the plaintiff showed him such a letter, with the defendant's order, signed by the defendant and in the defendant's hand writing, upon it, such as the plaintiff in his testimony had described, and the existence of which the defendant in his testimony had denied, and that the plaintiff inquired at the bank in relation to the check as he had testified he did. It is true the testimony of Willard does not of itself, independent of the testimony of the parties, tend to show anything material in the case. But it was material when taken in connection with the fact testified to by the plaintiff, that he delivered the letter and the defendant's order upon it, to the defendant, who received it, promising to procure and enclose the check. It was competent for the defendant to prove by his own testimony or otherwise that no such letter and order were ever written, and the plaintiff had the same right to prove the contrary. The same is true as to the fact of the plaintiff's inquiry at the bank, as that was a part of the plaintiff's narrative of the transaction, and tended to show the reason of his conduct in making the applications to the de-

---

---

fendant and having the interviews with him.   As Willard's testimony tended to confirm the plaintiff and contradict the defendant, as to facts material in the case in view of the state of the evidence, it was properly admitted.

Judgment affirmed.